The Honorable Sharon E. Dobbins State Representative 604 North Walnut Street North Little Rock, AR 72114-4966.
Dear Representative Dobbins:
I am writing in response to your request for an opinion on the following:
 I would like to know if Legislators have any legal authority to investigate prisons/community correctional and juvenile facilities as a part of their duties.
RESPONSE
As to facilities operated by state agencies, certain interim committees of the Arkansas General Assembly have investigatory authority to the extent that such committees may subpoena persons, documents, and records as part of an appropriate study or investigation of the state agencies. See A.C.A. §§ 10-3-203(3)(A)(viii) and-208 (Repl. 2002) (establishing the "Committee on State Agencies and Governmental Affairs" and giving subpoena power to this and other such subject matter interim committees); A.C.A. §§ 10-3-306(a) and (c) (Repl. 2002) (authorizing the Legislative Council to "conduct investigations pertaining to the operation of any state agency, institution, department, or office[,]" and establishing the Council's "right and power to subpoena witnesses and to issue subpoena duces tecum.") The General Assembly may also at any time during a legislative session by resolution appoint special committees to undertake investigations into the management of particular state institutions, although such investigating committees may not perform duties beyond the legislative session without the enactment of a bill to that effect. See Dickinson v. Johnson, 117 Ark. 582,176 S.W. 116 (1915). *Page 2 
This power of the General Assembly to conduct investigations is in aid of the proper discharge of its function to enact prospective legislation. See generally 81A C.J.S. States § 108 (2004); 72 Am.Jur.2dStates A.C.A. § 48 (1974). It has been observed, generally, that "[s]uch power of inquiry is an essential auxiliary to the legislative function and has long been treated as an attribute of the power of the legislature." Id. See also Chaffin v. Ark. Game Fish Comm'n,296 Ark. 431,444, 757 S.W.2d 950 (1988) (commenting that the legislature "can and should hold hearings and investigate at length the performance of state agencies.")
It is also generally held, however, that "the power of a legislative investigating committee is limited and circumscribed by the statute or resolution creating it . . . ." 72 Am.Jur.2d at § 52. In this regard, I find no statutes, other than those set out above, vesting members of the General Assembly with authority to investigate prisons/community correctional and juvenile facilities as a part of their duties. Nor am I aware of any resolutions to this effect. I do note, however, that House Bill 2224, which you are sponsoring in the current legislative session, proposes to add a subchapter to the Arkansas Code entitled "Inspection and Monitoring of the Prison System Act" to expand the membership of the Charitable, Penal and Correctional Institutions Subcommittee of the Legislative Council ("Subcommittee"), and to invest such Subcommittee with duties "in regard to the review, inspection, and monitoring of . . . the practices of the Department of Correction and [t]he litigation that has been filed against the department." HB 2224, § 1 (adding A.C.A. § 10-3-2402).[1]
You have not specifically inquired regarding this bill, and I therefore have not undertaken a detailed review of its provisions. I am concerned, however, that it may transgress constitutional separation of powers principles[2] by charging the *Page 3 
Subcommittee with the duty to "[e]stablish and maintain a continuing program of inspection for each state correctional institution[.]"Id. (adding A.C.A. § 10-3-2403(1)). The legislature of course may not, consistent with Ark. Const. art. 4, §§ 1 and 2 (separation of powers),supra, at n. 2, undertake to both pass laws and enforce them.Chaffin, supra; Clinton v. Clinton, 305 Ark. 585, 810 S.W.2d 823 (1981),citing Springer v. Philippine Islands, 277 U.S. 189 (1928). House Bill 2224 does not further expand upon the "continuing program of inspection," and it is therefore difficult to determine precisely what is intended by this provision. I note, however, that under another section of the bill, the Subcommittee is required to "make an inspection of each state correctional institution at least one (1) time during each biennium . . .,]" id. (adding A.C.A. § 10-3-2406),[3] suggesting the separate nature of "the continuing program of inspection."
In my opinion, the Subcommittee's duty and authority to "establish and maintain" an institutional inspection program implicates separation of powers because there is a suggestion that the Subcommittee will thereby be involved in monitoring enforcement of or compliance with standards or policies relating to correctional institutions. Such matters clearly constitute executive functions, as the legislature has acknowledged under other somewhat related statutes. See, e.g., A.C.A. § 9-27-349
(making the Division of Children and Family Services of the Department of Human Services responsible for statistical information on detained or incarcerated juveniles, for adult jails, adult lock-ups, and juvenile detention facilities to assure compliance with the provisions of Pub.L.93-415, the Juvenile Justice and Delinquency Prevention Act of 1974); A.C.A. § 12-26-106 (vesting criminal detention facility review committees with authority and responsibility to, inter alia, "[v]isit and inspect the criminal detention facilities and juvenile detention facilities for compliance with the standards as established under §12-26-103.") *Page 4 
In my opinion, therefore, the provision in HB 2224 relating to the "program of inspection" is constitutionally suspect because it may not properly be within the bounds of legislative investigation powers. The constitutionality of the remainder of the bill in my opinion likely turns upon how the requirements of the bill are applied. That is, a court faced with a constitutional challenge may scrutinize the practical impact of the bill, if enacted, and the results accruing thereunder. I cannot, of course, engage in this type of factual analysis in an Attorney General opinion; nor could anyone with respect to a "bill" which has yet to be adopted.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
[1] According to my research, this subcommittee currently reviews any amendments or additions to the Department of Correction's official Emergency Preparedness Manual. A.C.A. § 12-27-137 (Repl. 2003). My research has disclosed no other statutory powers or duties of the Charitable, Penal and Correctional Institutions Subcommittee.
[2] The Arkansas Constitution contains an express separation of powers doctrine embodied in Article 4, Sections 1 and 2, as follows:
 The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them confided to a separate body of magistracy, to with: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
[3] Such inspections are generally authorized, in my opinion, to the extent they do not impede the functioning of the agency. Cf. Chaffin,supra, 296 Ark. at 444 (noting that "[w]hile [the legislature] can and should hold hearings and investigate at length the performance of state agencies, it cannot intrude on the prerogatives of the executive branch of government.") *Page 1